SEKERAK, APPELLANT, *v.*
FAIRHILL MENTAL HEALTH CENTER ET AL., APPELLEES.

[Cite as Sekerak *v.* Fairhill Mental Health Ctr. (1986),
25 Ohio St. 3d 38.]

(No. 85-1148—Decided July 16, 1986.)

*Schwartz, Einhart & Simerka* and *Robb F. Reinker,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Laurel D. Blum,* for appellees.

*Per Curiam.* It is well-settled that as a general rule "* * * the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function." *Besl Corp.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 146, 150 [74 O.O.2d 262], citing, *inter alia, State, ex rel. Upper Scioto Drainage & Conserv. Dist.,* v. *Tracy* (1932), 125 Ohio St. 399; *State, ex rel. Kildrow,* v. *Indus. Comm.* (1934), 128 Ohio St. 573 [1 O.O. 235]; *Interstate Motor Freight System* v. *Donahue* (1966), 8 Ohio St. 2d 19. See, also, *Griffith* v. *J. C. Penney Co.* (1986), 24 Ohio St. 3d 112, at 113-114; *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 63; *Switzer* v. *Kosydar* (1973), 36 Ohio St. 2d 65 [65 O.O.2d 215].

Moreover, in *Ford* v. *Indus. Comm.* (1945), 145 Ohio St. 1 [30 O.O. 236], this court reasoned that "[e]stoppel is an equitable principle *and has no bearing upon venue and jurisdiction of the subject matter." Id.* at 4-5. (Emphasis added.) Since jurisdiction of appellant's appeal is conferred by statute (R.C. 124.328) upon the State Personnel Board of Review, the parties may not, by agreement or otherwise, confer jurisdiction upon the

board where it is otherwise lacking. Accord *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236 [2 O.O.3d 408].

In spite of the aforementioned precedent, appellant seeks to bring her case within the confines of *Ruozzo* v. *Giles, supra.* In that case, the successful party, Mr. Ruozzo, was notified in December 1977 by the Ohio Bureau of Employment Services that he was entitled to certain trade readjustment allowances from August 1977 until August 1978. The notice which Ruozzo received, however, did not inform him of the time period in which the application for the trade readjustment allowances was required to be filed. Upon subsequent investigation, Ruozzo was informed by an employee of the Bureau of Employment Services "that he had until September 1980" to tender his application. *Id.* at 8. Nevertheless, when the application was submitted in March 1978, it was denied by the bureau as untimely.

In reversing the decision of the bureau and the judgment of the court of common pleas, the court in *Ruozzo* concluded that the equitable principle of estoppel should apply so as to allow the application for trade readjustment allowances to be considered as having been filed in a timely fashion.

Assuming, *arguendo,* that this court is in agreement with the holding in *Ruozzo,* the facts presented therein are nevertheless significantly distinguishable from the cause *sub judice.* This is readily apparent from the fact that in *Ruozzo* the notice sent to the applicant "offered no information as to filing dates," while in the instant case, appellant's notice twice stated within a single paragraph that her appeal must be instituted "within ten (10) days after receipt of this letter." In view of this considerable distinction, we are compelled to reject appellant's reliance on *Ruozzo* as commanding the application of the equitable doctrine of estoppel in the instant case.

Alternatively, appellant maintains that the notice of abolishment directed her to contact Del Regno for specifics concerning the initiation of an appeal to the board of review. We disagree, for although Del Regno's name appears in the notice three times, the references coincide with obtaining information, or exercising rights, pertaining to displacement, reinstatement, recall, or obtaining a copy of Ohio Adm. Code Chapter 123:1-41 (Rules of the Department of Administrative Services). A careful reading and examination of the abolishment notice fails to support appellant's contention that Del Regno was portrayed as the person to contact regarding the procedure for perfecting an appeal to the board of review.

For all the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.