OPINION
This appeal is taken by defendants-appellants Pam and Thurman Tackett ("the Tacketts") from a judgment of the Court of Common Pleas of Marion County overruling Tackett's motion to dismiss and granting plaintiff-appellee Marion County Department of Human Services' (MCDHS) motion for summary judgment.
On February 6, 1996, MCDHS filed a complaint against the Tacketts claiming an overpayment in Aid to Dependent Children and Food Stamp benefits totaling $5,385.00. The complaint alleged that the overpayments were the result of misrepresentation and fraud. On March 6, 1996, the Tacketts filed an answer denying the allegations of the complaint. The answer also asserted as separate affirmative defenses that the complaint should have been dismissed because it was barred by the statute of limitations or by laches. MCDHS filed a motion for summary judgment on June 14, 1996. On July 5, 1996, the Tacketts filed their memorandum in opposition to the motion for summary judgment and a motion to dismiss because the complaint was barred by the statute of limitations. MCDHS then amended its complaint on July 21, 1996, and alleged the complaint was based on a breach of contract. The document alleged to be the contract underlying the action was attached to the amended complaint pursuant to Civ.R. 10(D). On August 23, 1996, the Tacketts filed their answer to the amended complaint, again raising the statute of limitations. On November 19, 1998, the trial court overruled the Tacketts' motion to dismiss and granted MCDHS' motion for summary judgment. It is from this judgment that the Tacketts appeal.
The Tacketts raise the following assignments of error:
 The trial court erred in denying the Tacketts' motion to dismiss.
 The trial court erred in granting MCDHS' motion for summary judgment.
 The trial court erred in failing to dismiss MCDHS' complaint under the doctrine of laches.
The first assignment of error claims that the complaint should have been dismissed because it is barred by the statute of limitations. "Overpayments shall be recovered regardless of the date, reason, or cause of the overpayment." O.A.C. 5101:1-25-32. The administrative code prior to July 1, 1998, permitted recovery of all overpayments regardless of when the overpayment was made.[1] In effect, this administrative rule prevents the application of the statute of limitations to recovery of ADC overpayments. Thus, the first assignment of error is overruled.
In the second assignment of error, the Tacketts claim that the trial court should not have granted MCDHS' motion for summary judgment. When reviewing a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
In this case, the evidence does not support the judgment. MCDHS claims that the Tacketts received overpayments of ADC and Food Stamp benefits because they deliberately underreported household income. However, the record lacks any evidence of the amounts of ADC or Food Stamp benefits actually received by the Tacketts. Nor is there any evidence of what income was reported and the net increases to the Tacketts' income. Although MCDHS did attach copy of the worksheets showing the amounts of overpayments, those worksheets do not reflect what was originally paid to the Tacketts or what the Tacketts reported as income. No basis for the numbers on the worksheet is available in the record. Additionally, some of the documents submitted by MCDHS have been altered and new numbers written over the typed numbers. Without clear evidence of the amounts received in benefits, the amounts received as income, and the amounts reported to the agency, the question of the amount of overpayments cannot be decided.
In support of their defense, both of the Tacketts submitted affidavits alleging that their household did not receive the money. These affidavits call into question the amounts determined as overpayments by questioning the amounts earned by the Tacketts. Since the Tacketts submitted affidavits questioning the amounts set forth in the motion for summary judgment and the record does not provide the basis for the determination of the overpayments, a genuine issue of material fact concerning the amount of the overpayments is raised. Thus, granting summary judgment to MCDHS was improper. The second assignment of error is sustained.
The third assignment of error claims that the complaint should have been dismissed under the doctrine of laches. Since the doctrine of laches does not apply to inaction of the State, the question is moot. Sekerak v. Fairhill Mental Health Ctr. (l986), 25 Ohio St.3d 38, 495 N.E.2d 14. Thus, we overrule the third assignment of error.
The judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part. The cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
HADLEY and SHAW, JJ., concur.
[1] This section of the OAC was repealed as of July 1, 1998. The current rule requires the agencies to take action to recover the overpayment as soon as the agencies learn of the change of circumstances.