GERHART, d.b.a. Pioneer Heating & Air Conditioning, Appellant,

v.

DIVISION OF INDUSTRIAL COMPLIANCE, Ohio Construction Industry Examining Board, Appellee.

[Cite as *Gerhart v. Div. of Indus. Compliance, Ohio Constr. Industry Examining Bd.* (2000), 137 Ohio App.3d 826.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007402.

Decided May 31, 2000.

*Patrick D. Riley,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael R. Gladman,* Assistant Attorney General, for appellee.

CARR, Judge.

Plaintiff-appellant, Allan Gerhart, appeals from the June 15, 1999 judgment of the Lorain County Court of Common Pleas that affirmed the decision of the Ohio Construction Industry Examining Board. This court affirms.

Am.Sub. H.B. No. 402 (the "Act") became effective on July 31, 1992, and created the Ohio Construction Industry Examining Board ("OCIEB") to examine and certify persons employed in various contracting professions through the issuance of qualification certificates. Persons conducting such business activities could obtain licensure by achieving a passing score on an examination. The Act also contained a grandfather provision that empowered OCIEB to issue a qualification certificate to any person who met certain requirements and filed an application by January 27, 1993, within one hundred eighty days of the effective date of the Act.

On June 9, 1997, OCIEB received appellant's grandfather applications for hydronics and heating, ventilation, and air conditioning contractors ("HVAC"). OCIEB notified appellant that it proposed to deny issuing him state certificates for hydronics and HVAC under the Act's grandfather provisions because appellant had failed to submit his applications by the Act's deadline.

A hearing was held on OCIEB's proposed denial of appellant's grandfather applications. OCIEB denied appellant's applications on January 21, 1998. Appellant appealed OCIEB's decision to the Lorain County Court of Common Pleas. On June 11, 1999, the trial court affirmed OCIEB's decision, finding that OCIEB's actions were in accordance with law and supported by reliable, probative, and substantial evidence.

Appellant timely appeals, asserting one assignment of error:

"When the law governing issuance of licenses and certifications by a state agency requires that such agency give a person eligible to receive such licenses without testing ('grandfathering' clause) notice of such right and thereafter such agency fails to give such notice to a person eligible to be grandfathered, may a court of common pleas upon review of the state agency's denial to issue a license issue its judgment ordering the state agency to issue such license?"

Appellant argues that OCIEB abused its discretion in denying his applications for issuance of a state hydronics certificate and a state HVAC certificate under the grandfather provision of the Act. However, appellant has failed to assign error to the trial court's decision as required by App.R. 16(A). Therefore, this court may disregard appellant's arguments pursuant to App.R. 12(A)(2). In the interest of justice, however, this court will assume that appellant is arguing that the trial court committed reversible error in affirming OCIEB's decision.

■■■ When reviewing an administrative decision, a common pleas court acts in a "limited appellate capacity," *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838, and must affirm an agency's decision if the court finds a preponderance of reliable, probative, and substantial evidence to support the agency's decision. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. An appellate court's scope of review in an administrative appeal is even more restrictive. This court has previously held:

" '[T]his court has a limited function, which does not involve a determination as to the weight of the evidence.' Rather, this court's scope of review is limited to whether the common pleas court abused its discretion. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." (Citations omitted.) *Baire v. William R. Burton Vocational Ctr. Schools Bd. of Edn.* (Apr. 12, 2000), Lorain App. No. 99CA007293, unreported, 2000 WL 372324, quoting *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 233, 14 OBR 259, 261–262, 470 N.E.2d 486, 489–490.

■ Appellant avers that OCIEB should have granted his applications because he had not received notice of the grandfather provision before the deadline, and because OCIEB had previously approved grandfather applications after the deadline. The trial court found that OCIEB's decision was supported by reliable, probative, and substantial evidence, and was not contrary to law because OCIEB "was not only entitled, but required, to fix a deadline with respect to grandfather applications, and [that] Appellant's application was submitted far beyond the deadline." This court agrees.

In order to effectuate the grandfather provisions, the Act required OCIEB to notify each municipal corporation that provided for contractor licensing of the grandfather provisions. The municipalities were required to send each licensed person a notice informing them of the Act's grandfather provisions, and to send a list of all the contractors that the municipality had notified to OCIEB. In turn, OCIEB was then required to notify the contractors on the municipalities' lists of their right to be grandfathered for obtaining qualification certificates. Each contractor who wished to apply under this provision was required to submit their application to OCIEB by January 27, 1993.

Accordingly, in November 1992, the city of Elyria fulfilled its obligations with respect to the Act. However, appellant was not listed in the letter sent to OCIEB, or notified by Elyria of the grandfather provision, and the grandfather application period closed January 27, 1993. In February, March, and April 1993, Elyria sent letters to OCIEB requesting that the names of nine contractors be

added to the list of those eligible for grandfathering, because the names had been inadvertently omitted. The applications of those persons were subsequently approved by OCIEB. Appellant was not included in those letters.

In April 1997, appellant learned of the grandfather provision. He contacted OCIEB and the city of Elyria, and on June 9, 1997, submitted his grandfather applications. Gerald Klein, Chief Building Official for the city of Elyria, sent a letter to OCIEB recommending that appellant be grandfathered for HVAC and hydronics. Klein explained that he believed appellant was omitted from Elyria's lists of eligible contractors due to the city's poor record-keeping during the 1970s. Klein stated that although he could not swear to it, he was confident that appellant had taken and passed the city's licensing exam in the 1970s.

■■ The record reveals that OCIEB had approved grandfather applications after the deadline. However, unlike appellant's applications that had been filed nearly four and one-half years late, the other applications had been submitted within three months after the deadline. The record also reflects that OCIEB had rejected several applications that had been submitted after 1993. Appellant's argument that OCIEB is estopped from denying his grandfather applications because it had approved some applications after the deadline is without merit. The Ohio Supreme Court has explained that "as a general rule, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function." *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145–146, 555 N.E.2d 630, 633, citing *Sekerak v. Fairhill Mental Health Ctr.* (1986), 25 Ohio St.3d 38, 39, 25 OBR 64, 64–65, 495 N.E.2d 14. Furthermore, the trial court was required to "give deference to the agency's interpretation of its own regulations." *Ladd v. Ohio Counselor & Social Worker Bd.* (1991), 76 Ohio App.3d 323, 333, 601 N.E.2d 617, 624.

This court finds that the trial court did not abuse its discretion in determining that OCIEB's decision to deny appellant's grandfather applications was supported by a preponderance of reliable, probative, and substantial evidence.

Accordingly, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SLABY, P.J., and WHITMORE, J., concur.