OPINION
Defendant-appellant, the Board of Trustees of Fairfield Township ("Trustees"), appeals the decision of the Butler County Court of Common Pleas which reversed in part the administrative action of the Trustees. We affirm the decision of the court of common pleas.
On January 25, 2000, under authority of R.C. 505.491, the Trustees brought three disciplinary charges against plaintiff-appellee, Captain Alan Laney, the assistant chief of police of the Fairfield Township Police Department. The first charge was "breach of the duty of fidelity, misfeasance and non-feasance" for attending a political meeting while off duty. The second charge was violating township policies against participating in political activity while on duty by using a township police cruiser for a purpose other than township business. The third charge was misuse of authority for directing a subordinate officer to drive the police cruiser to a location where it could be filmed. Capt. Laney has been assistant chief of police since April 1, 1991. Prior to this incident Capt. Laney has had no previous disciplinary record with Fairfield Township.
On August 12, 1998, Fairfield Township Police Chief, Michael Kirsch, became aware of Capt. Laney's declaration to run as the Democratic Party candidate for Butler County Sheriff in the November 2000 election. Chief Kirsch sent a memorandum to Capt. Laney to remind him of the Fairfield Township policy against political activity during work hours. Fairfield Township had in effect at the time a written policy which restricted employees "from engaging in any political activity during regular township business hours or anytime while on duty," and a written policy which restricted the use of "township equipment for any purpose other than the proper conducting of township business."
In October 1999, Chief Kirsch saw a political advertisement aired on television in which a Fairfield Township police cruiser was pictured. Chief Kirsch undertook an investigation to determine the circumstances behind the cruiser's appearance in the advertisement.
In the course of the investigation, Chief Kirsch discovered Dean Langevin had filmed the advertisement. Langevin told Chief Kirsch that Democratic Party representatives merely told him there would be a cruiser on Hassfurt Drive at a certain time and date so he could film it. Chief Kirsch interviewed officers and discovered that Fairfield Township Police Officer Wendy Jackson drove the cruiser to Hassfurt Drive where it was filmed. She denied knowing in advance the intended purpose of the filming, and stated that her involvement was pursuant to a request from Capt. Laney.
Capt. Laney informed Chief Kirsch that someone identified as a resident of Fairfield Township had called and asked if a car could be sent to Hassfurt Drive so a picture could be taken of the cruiser. Capt. Laney told Chief Kirsch that he informed the caller that the caller could take a picture of the cruiser as it drove down Hassfurt Drive. Capt. Laney said he also told the caller not to interfere with the officer driving the cruiser in any way.
Chief Kirsch then spoke to Langevin again, and Langevin reiterated that he did not call Capt. Laney to obtain a picture of the cruiser. Langevin said his contact was with the Democratic Party, which arranged for the cruiser and paid for the advertisement.
Based upon Chief Kirsch's investigation, the Trustees brought three disciplinary charges against Capt. Laney on January 25, 2000. An evidentiary hearing before the Trustees occurred on February 10, 2000. The Trustees declined disciplinary action for the first charge regarding the political meeting while off duty. The Trustees decided that Capt. Laney's actions warranted disciplinary action for misuse of township property under the second charge and misuse of authority under the third charge. Disciplinary action was implemented on February 15, 2000. The Trustees issued a written reprimand to Capt. Laney for misuse of property, and imposed a three-day unpaid suspension for misuse of authority. Capt. Laney was also directed to attend two training seminars with the objective of improving his job performance.
Capt. Laney appealed the disciplinary action to the Butler County Court of Common Pleas. The court of common pleas reversed in part the administrative action of the Trustees. The court of common pleas affirmed the portion of the second charge relating to misuse of township property but reversed the portion of the second charge relating to political activity. The third charge, misuse of authority, was also reversed. The court of common pleas decided the appeal upon review of the administrative record without taking supplemental evidence or holding a de novo evidentiary hearing.
This appeal follows, in which the Trustees raise a single assignment of error pertaining to the reversed portion of the second charge, violating the township policy against political activity, and the third charge, misuse of authority:
 The Common Pleas Court erred in reversing the Trustees' disciplinary action taken against Capt. Laney on charges for his misuse of authority when involving a subordinate officer in a course of conduct violative of township policies.
R.C. Chapter 2506 controls the appellate process for review of an administrative action. The standard of review to be applied by a court of appeals in a R.C. 2506.04 appeal is "limited in scope." Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. Pursuant to R.C. 2506.04, an appellate court only considers questions of law and does not weigh the evidence when reviewing the judgment of a court of common pleas. Henleyv. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147. Included within the ambit of questions of law is whether the common pleas court abused its discretion. Id. at 148. Abuse of discretion connotes more than an error of law or of judgment; rather, it implies the court's attitude was unreasonable, arbitrary, or unconscionable. Gerhart v.Div. Of Indus. Compliance, Ohio Constr. Industry Examining Bd. (2000),137 Ohio App.3d 826, 829.
An appellate court will not substitute its judgment for that of an administrative agency or a common pleas court, unless the court of appeals finds that there is not a preponderance of reliable evidence to support the administrative agency's decision. Kisil,12 Ohio St.3d at 34. Thus, our inquiry is limited to a determination of whether, as a matter of law, we can say that there did exist a preponderance of reliable, probative and substantial evidence to support the Trustees' decision to discipline Capt. Laney.
The Trustees argue that a board of trustees conducting a disciplinary hearing in a delegated administrative capacity has the authority to make evidentiary determinations regarding the credibility of witness testimony that is in conflict. The Trustees maintain that a common pleas court cannot merely substitute its judgement regarding the weight and credibility of testimonial evidence when that court did not observe the witnesses first hand. The Trustees further argue that the court of common pleas "confused its role in exercising original jurisdiction" and "departs from the traditional notion that the original trier of fact weighs the evidence and judges the credibility of witnesses."
In an appeal to a court of common pleas under R.C. Chapter 2506, a common pleas court considers the "whole record" including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence. Smith v. Granville Twp.Bd. of Trustees (1998), 81 Ohio St.3d 608, 612. In order to determine whether there exists a preponderance of evidence, a court of common pleas "must appraise all such evidence as to the credibility of the witnesses, the probative character of the evidence and the weight to be given it."Watson Gravel, Inc. v. DMR (1999), 133 Ohio App.3d 132, 137. (Emphasis added.) Therefore, even if a common pleas court did not observe the witnesses firsthand, that court must judge the credibility of the witnesses and weigh the evidence.
The Trustees argue that it was proper to discipline Capt. Laney under the charge which alleged violations of township policies against "misuse of township property and engaging in political activity while on duty when he initiated a phone call with an advertising producer for the purpose of video taping a police cruiser intended for use in the televised political campaign advertisement for a candidate."
There is no dispute that Langevin filmed a Fairfield Township police cruiser. Langevin testified that he asked Capt. Laney if he could photograph the cruiser even though he intended to film it. Officer Jackson testified that Capt. Laney asked her to allow someone to take a picture of the cruiser on Hassfurt Drive as she drove by on her normal patrol. Capt. Laney testified that he asked Officer Jackson to drive the cruiser past Hassfurt Drive without telling her why the individual wanted a picture of the cruiser. Capt. Laney further testified that he did not know why the individual wanted a picture of the cruiser because he never asked.
The Trustees and the court of common pleas determined there was sufficient evidence to sustain a violation of the Fairfield Township policy against the use of township property for a purpose other than township business. We agree that there is a preponderance of reliable evidence to support the Trustees' decision that Capt. Laney used township property for purposes other than township business. The question then becomes: Was there sufficient evidence to conclude that Capt. Laney participated in a political activity by allowing the cruiser to be filmed?
Langevin testified that Capt. Laney "returned a call" to him. Capt. Laney testified that the individual requesting to photograph a cruiser initiated contact with him. Capt. Laney testified that he did not know the individual's identity since the individual initiated contact with him. Officer Jackson also testified that the call was received at the police station. Not in dispute, however, is that Langevin did not tell Capt. Laney of his political motive behind the request to photograph the cruiser and no evidence was produced to demonstrate that Capt. Laney was aware of the intended purpose of the film.
The court of common pleas found that there was no substantial, reliable and probative evidence on the record to support a finding that Capt. Laney was involved in political activity during regular business hours. Consequently, the court of common pleas determined that "any inference of Capt. Laney's knowledge of political purpose would be an inference on an inference, which lacks any evidentiary weight." We must agree with this assessment because we find no preponderance of reliable evidence to support the Trustees' decision that Capt. Laney initiated the telephone contact or knew of any political purpose in filming the police cruiser.
The Trustees also argue that it was proper to take disciplinary action against Capt. Laney for his misuse of authority where evidence demonstrates Capt. Laney's knowledge of policies, a course of conduct knowingly violating the policies, and the use of a subordinate officer as an intermediary so Capt. Laney's participation would go undetected. Misuse of authority implies that Capt. Laney used his superior position to order a subordinate, Officer Jackson, to take the cruiser to Hassfurt Drive. See Washington v. Cuyahoga Cty. Dept. of Human Services (Mar. 10, 1994) Cuyahoga C.P. No CV-207689, unreported.
The testimony of Officer Jackson indicates that Capt. Laney did not order her to take the cruiser to Hassfurt Drive. Capt. Laney testified, and Officer Jackson corroborated, that she was asked if it was possible for her to drive by Hassfurt Drive on her normal patrol if she had time and if there were no other calls. Officer Jackson testified that she did not drive to Hassfurt Drive immediately, and when she eventually made her way to Hassfurt Drive she was still on her normal patrol.
Langevin testified that he intended to film a police cruiser that day any way possible, even "if [he] had to chase it down." When Officer Jackson came by Hassfurt Drive, Langevin stopped the cruiser and asked the officer if "it was a busy day" for her. He asked if he could film the cruiser driving by and informed the officer that he would not be offended "if something comes up, [and] you take off," without saying goodbye. Langevin testified that while he was filming the cruiser Officer Jackson never left the car, the cruiser was photographed on township property, the officer could have left at any time there was a call for police assistance, and that the cruiser was on Hassfurt Drive for less than two minutes.
The court of common pleas found that the Trustees' decision that Capt. Laney misused his authority was unsupported by a preponderance of substantial, reliable, and probative evidence. We must agree with this assessment because we find no preponderance of reliable evidence to support the Trustees' decision that Capt. Laney used his superior position to order a subordinate, Officer Jackson, to take the cruiser to Hassfurt Drive.
This court finds that the court of common pleas' decision was not a substitution of judgment for that of the Trustees. The court of common pleas did not proceed unreasonably, arbitrarily, or unconscionably in appraising the credibility of the witnesses and weighing the evidence. We find that the court of common pleas properly affirmed the judgment when there was sufficient evidence and properly reversed where the evidence was insufficient. Therefore, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and HENDRICKSON, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.