[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Michael Nelson, appeals from the July 9, 2001 judgment entry of the Conneaut Municipal Court dismissing his lawsuit against appellee, Management and Training Corporation ("MTC").[1]
The following facts were set forth in the trial court's judgment entry: appellant is an inmate at the Lake Erie Correctional Institution, a prison facility owned by the state of Ohio and operated by MTC; on October 17, 2000, appellant was removed from his cell and transferred to a punishment cell for violating prison rules; a representative of MTC testified that forty-five minutes after appellant was removed from his housing unit, corrections officers secured his belongings.
On April 4, 2001, appellant filed a small claims complaint with the Conneaut Municipal Court, alleging that $857 worth of his personal property was stolen or destroyed during the forty-five minute period between his removal from his cell and corrections officers securing his belongings. The stolen or destroyed items included, among other items, a color television, a wedding band, a gold cross, and a trial court transcript. A trial was held in this matter on June 25, 2001.
In its July 9, 2001 judgment entry, the trial court held that forty-five minutes was not an unreasonable amount of time for corrections officers to secure appellant's possessions; therefore, MTC could not be held liable for appellant's loss of his property. The trial court also noted that appellant had not filed a grievance with the chief inspector as required by O.A.C. 5120-9-31(H)(8) and, therefore, had failed to exhaust his administrative remedies.
Appellant has filed a timely appeal of the trial court's decision and submits the following assignment of error: "The court below erred and abused its discretion by erroneously holding that the limit between the time appellant was placed in segregation, and the time that his personal property was packed and secured by correctional officers was not unreasonable, and that [MTC cannot] be held liable for appellant's personal belonging being stolen by unknown individuals."
In Springer v. Marion Correctional Inst. (Dec. 28, 1981), Ct. of Cl. No. 81-05202-AD, at 1-2, the court of claims noted that it had "never held defendant to be liable for a one hour delay in placing property in its vault." The court of claims concluded that "such a brief delay is not so long as to be unreasonable under the circumstances." Id. at 2.
The trial court, in the instant matter, relied on Springer in holding that forty-five minutes was not an unreasonable amount of time for MTC to secure appellant's possessions. In neither Springer nor the case sub judice did the trial court elucidate the circumstances under which the lapse in time between the prisoner being removed from his cell and his possessions being secured would be reasonable or unreasonable.
In the view of this court, a number of factors should be considered in determining a reasonable time for securing the possessions of a prisoner, including, but not limited to whether the prison administration knew or should have known of a high probability that the inmate's possessions would be stolen or destroyed; whether the inmate was relocated on an urgent basis or the prison administration had advance notice of the relocation; whether it would have been possible to secure the inmate's possessions before he was removed from his cell; whether the facility was fully staffed on the day in question; and, the general security environment at the facility at the time of the relocation.
In this case, appellant has failed to provide this court with a transcript of the proceedings below. Therefore, we are unable to determine what evidence was introduced with respect to the foregoing factors, and, thus, appellant cannot demonstrate the claimed error. "It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. * * * Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court." (Citations omitted.) Chaney v. East (1994),97 Ohio App.3d 431, 435. Because appellant has not filed a transcript with this court, we must presume that the trial court did not err in holding that MTC was not negligent in waiting forty-five minutes to secure appellant's possessions.
As was previously noted, the trial court also held that appellant failed to exhaust his administrative remedies because he did not appeal in writing to the chief inspector as required by O.A.C. 5120-9-31(H)(8). Appellant asserts in his appellate brief that he filed his municipal court claim on the advice of MTC. Due to appellant's status as an inmate and his lesser knowledge of the grievance procedure, if he had demonstrated at trial that MTC had, in fact, instructed him to file his lawsuit, MTC may have been equitably estopped from raising the defense of failure to exhaust administrative remedies.[2] See Heskett v. Pauling (1999),131 Ohio App.3d 221, 227. However, once again, in the absence of a transcript, we must presume the regularity of the proceedings of the trial court.
For the foregoing reasons, appellant's sole assignment of error lacks merit, and the judgment of the Conneaut Municipal Court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] Appellant's complaint named Richard Gansheimer ("Gansheimer"), et al., as defendants. Gansheimer was the warden at the Lake Erie Correctional Institution. In its judgment entry, the trial court noted that appellant and MTC agreed at trial that the actual defendant in this case was MTC.
[2] Generally, the principle of equitable estoppel does not extend in its application to include the state or its agencies in the exercise of a governmental function. Gerhart v. Div. of Indus. Compliance, OhioConstr. Industry (2000), 137 Ohio App.3d 826, 830. However, R.C. 9.06, which governs contracts for the private operation and management of correctional facilities, requires that any contract for the private operation of a correctional facility include a "clear statement that no immunity from liability granted to the state, and no immunity from liability granted to political subdivisions under Chapter 2744. of the Revised Code, shall extend to the contractor or any of the contractor's employees[.]" R.C. 9.06(B)(15). Therefore, we conclude that the principle of equitable estoppel could be applicable to the conduct of MTC.