OPINION
{¶ 1} Appellant Anthony Petitti appeals the decision of the Stark County Court of Common Pleas that affirmed the decision of the Plain Township Board of Zoning Appeals. The following facts give rise to this appeal.
 {¶ 2} On November 2, 2001, the Plain Township Zoning Inspector issued to appellant a notice of violation of zoning laws. The notice set forth the following violations: (1) operation of non-permitted business within R-2, One Two Family Residential District; (2) construction of a building without the required zoning permit; and (3) accessory buildings or structures on a lot in a residential zoned district. On November 13, 2001, appellant appealed the notice violation to the Plain Township Board of Zoning Appeals ("BZA"). The BZA conducted a public hearing on December 5, 2001. The BZA unanimously upheld the decision of the zoning inspector.
 {¶ 3} Appellant appealed the decision of the BZA to the Stark County Court of Common Pleas. The trial court conducted a hearing on May 17, 2002. On April 10, 2003, the trial court issued a judgment entry affirming the decision of the BZA. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 4} "The decision of the trial court, as a matter of Law, is not supported by a preponderance of reliable, Probative and Substantial Evidence."
 "Standard of Review" {¶ 5} The standard of review to be applied by a common pleas court in reviewing the decision of a board of zoning appeals is governed by R.C. 2506.04, which states "[t]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Our standard of review, as an appellate court, is more limited and we must affirm the common pleas court's judgment, as a matter of law, if it is supported by a preponderance of substantial, reliable, and probative evidence. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 6} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 7} In support of his sole assignment of error, appellant sets forth three arguments. Appellant first argues the trial court erred when it failed to find the agricultural use of his property exempt from zoning regulations. We disagree.
 {¶ 8} In support of his first argument, appellant contends the use of the subject land, as well as the building thereon, is horticultural in nature and therefore, not subject to the township's zoning regulations. The right of townships to regulate agriculture is limited by R.C. 519.21. Section (A) of this statute provides:
 {¶ 9} "Except as otherwise provided in division (B) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure."
 {¶ 10} Further, R.C. 519.01 defines "agriculture" as follows:
 {¶ 11} "* * * [F]arming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber, pasturage; any combination of the foregoing; the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production."
 {¶ 12} Article IV of the Plain Township Zoning Resolution uses the same definition of "agriculture" as found in the Revised Code.
 {¶ 13} In its judgment entry, the trial court made the following findings of fact when it determined appellant was operating a landscaping business. First, appellant is engaged in the business of landscaping in the name of "Anthony M. Petitti Landscaping, Inc." Judgment Entry, Apr. 10, 2003, at 3. The business was incorporated in 1999, but has been in operation for eight years. Id. According to the Articles of Incorporation, the purpose for which the corporation was formed is "[t]o perform landscaping of residential and commercial real estate, landscape design, lawn maintenance, creation and maintenance of retention walls, sale of landscaping and related materials." Id. Further, appellant has seven to eight employees, including a full-time landscape designer who has been working with him since 1993. Id. at 4.
 {¶ 14} Second, the trial court found the stock on the property used in appellant's landscaping business is purchased from nurseries in Cleveland and other locations. Id. Appellant testified that he maintains a greenhouse and engages in the propagation of some plants and trees. Id. Third, the trial court determined that some of the nursery stock appellant purchases is temporarily maintained on the property and thereafter resold by appellant to his customers. Id. Appellant also admitted that his business is not a greenhouse where plants are grown from seeds. Id. Instead, approximately fifty percent of his business is new planting and fifty percent is maintenance. Id.
 {¶ 15} Fourth, the court found the equipment and materials found on the property are of the type which are used in a landscaping business. Id. at 5. In support of his landscape business, appellant owns and operates a mulch blower, a backhoe, two bobcats, three to four pickup trucks with four trailers for hauling equipment and commercial mowers. Id. at 4. Appellant also stores upon the property in question a large mulch pile, drainage pipes, landscaping timber, gravel, bricks, retention rocks and landscaping stones. Id.
 {¶ 16} Based upon our review of the record, we find the trial court's decision that appellant's landscaping business is not an agricultural use is supported by a preponderance of substantial, reliable, and probative evidence. Other courts have reached the same conclusion. In State ex rel. Fox v. Orwig (Sept. 15, 1995), Trumbull App. No. 94-T-5100 and Gabanic v. Apanius (June 27, 1986), Geauga App. No. 1259, both courts of appeals concluded the business of landscaping does not constitute an agricultural use and landscaping operation activities are prohibited in residential areas even when operated in conjunction with a nursery which would qualify as an exempted agricultural use. Accordingly, we conclude appellant's landscaping business is not exempt, as an agricultural use, under Plain Township's Zoning Resolution.
 {¶ 17} We next address the issue of appellant's accessory building. Appellant maintains the accessory building at issue, as part and parcel of his agricultural use, is also exempt from zoning regulation. Appellant also maintains Plain Township presented no evidence that the size of the accessory building violated the zoning resolution. In its judgment entry, the trial court concluded the accessory building exceeded permissible zoning parameters and specifications. Judgment Entry, Apr. 10, 2003, at 9-10. Further, appellant constructed the accessory building without a permit. Id. at 10.
 {¶ 18} Plain Township Zoning Resolution Section 602.5(A) provides, in pertinent part, as follows:
 {¶ 19} "* * * The total square footage of all accessory buildings and structures in all residential districts, whether attached or unattached, shall not exceed the square foot area of the foundation of the principal building and in no case shall exceed one thousand five hundred (1,500) square feet in total area. * * *"
 {¶ 20} Despite appellant's claim that there was no evidence presented regarding the size of the accessory building, the record indicates the building is 2,432 square feet. Tr. Hrng. May 17, 2002, at 189-190. The size of this accessory building clearly violates Section 602.5(A) of Plain Township's Zoning Resolution. Further, the record also supports the trial court's finding that appellant constructed the accessory building without obtaining a permit to do so. Therefore, the trial court's conclusion that the accessory building violates Plain Township's Zoning Resolution is supported by a preponderance of substantial, reliable, and probative evidence.
 {¶ 21} Appellant next argues, in support of his sole assignment of error, the trial court erred when it concluded the doctrine of equitable estoppel was inapplicable. The trial court refused to apply the doctrine of equitable estoppel pursuant to the case of Sekerak v. Fairhill MentalHealth Ctr. (1986), 25 Ohio St.3d 38. Judgment Entry, Apr. 10, 2003, at 10. The Sekerak case held the principle of estoppel does not apply against a state or its agencies. Id. at 39. The trial court concluded the enforcement of zoning regulations are, in fact, a governmental function and therefore, may not be applied against Plain Township. Judgment Entry, Apr. 10, 2003, at 10.
 {¶ 22} We agree with this conclusion. In Dehlendorf Co. v.Jefferson Twp., 2003-Ohio-1641, at ¶ 68, the Tenth District Court of Appeals explained as follows:
 {¶ 23} "That law provides that the doctrine of equitable estoppel is not applicable against a state, its agencies or political subdivisions, when those entities are engaged in a governmental function. Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,145-146, 555 N.E.2d 630. Government functions are those duties that are imposed upon the state or its subdivisions as obligations of sovereignty and include such duties as protection from crime, fires, or contagion, or preserving the peace and health of citizens and protecting their property. Ohio Dept. of Natural Resources, Div. of Reclamation v. HemlockPipeline, Inc. (1991), 77 Ohio App.3d 668, 670-671, 603 N.E.2d 288, citing Wooster v. Arbenz (1927), 116 Ohio St. 281, 284-285, 156 N.E. 210. Enforcement of zoning laws is in the nature of a governmental function.Columbus v. Bazaar Mgmt., Inc. (Jan. 6, 1983), Franklin App. No. 82AP-33."
 {¶ 24} Accordingly, the trial court did not err when it found the doctrine of equitable estoppel inapplicable.
 {¶ 25} Appellant's third argument, in support of his sole assignment of error, is that the trial court erred when it placed the burden of proof upon him. Appellant contends that because this case arose from the issuance of a citation/notice of violation, as opposed to a zoning permit request, the burden of proof was upon the BZA. We disagree with this argument. "The decision of the administrative body is presumed to be valid, and the burden of showing its invalidity rests upon the contesting party. 4D Investments, Inc. v. Oxford (Jan. 11, 1999), Butler App. No. CA98-04-082, unreported, at 3, 1999 WL 8357, citing ConsolidatedMgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238, 6 OBR 307,452 N.E.2d 1287." Solid Rock Ministries Internatl. v. Bd. of ZoningAppeals of the City of Monroe (2000), 138 Ohio App.3d 46, 50.
 {¶ 26} The trial court did not err when it placed the burden of proof upon appellant as he was the contesting party.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Hoffman, P.J. and Boggins, J., concur.