CLEMMER, Appellant,

v.

OHIO STATE RACING COMMISSION et al., Appellees.

[Cite as *Clemmer v. Ohio State Racing Comm.* (1995), 107 Ohio App.3d 594.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–015.

Decided Dec. 1, 1995.

*C. Drew Griffith,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Amy Nash Golian,* Assistant Attorney General, for appellees.

SHERCK, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which, in an administrative appeal, affirmed the suspension and fine of a race horse trainer.

On May 16, 1993, and May 23, 1993, appellant, Daniel R. Clemmer, was the trainer and driver of a winning horse at Raceway Park in Toledo, Ohio. After each of the wins, the horse was subjected to mandatory urine and blood tests. The results of the tests indicated the presence of an amphetamine after the May 16 race and the presence of both amphetamine and methamphetamine after the May 23 race. These are prohibited substances.

On or about July 18, 1993, more than thirty days after the races, the Board of Stewards of Raceway Park issued a ruling which imposed upon appellant a sixty-day license suspension and a $250 fine for each of the races in May.

The ruling of the Board of Stewards was affirmed by appellee, Ohio State Racing Commission. However, appellee increased the fine, revoked appellant's 1993 driver's-trainer's license, and made him ineligible for a license in 1994 and 1995. An administrative appeal from this decision was taken to the Lucas County Court of Common Pleas, which affirmed the commission's decision. It is appellant's further appeal from the decision of the common pleas court that is now before us. Appellant raises the following four assignments of error:

"1.   The Board of Stewards of Raceway Park lacked jurisdiction to impose any license suspension and/or fines on Appellant.

"2.   The Board of Stewards of Raceway Park failed to impose sanctions upon the Appellant within the mandatory time frame allowed by Ohio Revised Code § 3769.091, and the fines and license suspensions imposed against Appellant pursuant thereto are invalid.

"3.   Arguing Assignment of Error Number 2 in the alternative, if the Court rules that the date of the 'violation' is actually the date test results are obtained

or deciphered, then the license suspension and fines imposed by the Board of Stewards of Raceway Park are invalid due to the failure of the OSRC to introduce any evidence that Appellant was the trainer of any horse on the date the 'violation' occurred.

"4. The Report and Recommendation of the Hearing Officer, adopted by the Ohio State Racing Commission, was contrary to the manifest weight of the evidence, in that the Hearing Officer disregarded a specific admission by a third party that the third party was responsible for the prohibited foreign substance being administered to the horse in question."

▇▇▇▇ In an appeal from an administrative agency made pursuant to R.C. 119.12, the common pleas court must determine whether the agency's order is supported by reliable, probative and substantial evidence. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. The role of the court of appeals in reviewing the common pleas court's findings is limited to determining if the common pleas court abused its discretion. *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 216, 27 OBR 254, 255–256, 500 N.E.2d 362, 364–365, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685; see, also, *Angelkovski v. Buckeye Potato Chips* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 243–244, 463 N.E.2d 1280, 1282. However, where questions of law are raised on appeal from an administrative agency, both the common pleas court and the court of appeals exercise plenary powers of review. See *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, at paragraph one of the syllabus. The question appellant raises in his first two assignments of error is one of law.

The relevant version [1] of R.C. 3769.091 states:

"The state racing commission may delegate to the stewards and judges of racing meetings under the jurisdiction of the commission the power to suspend licenses for not to exceed sixty days and to impose fines not to exceed two hundred fifty dollars for any violation of the rules or orders of the commission, provided, two of such officials shall concur in such suspension. *Any suspension of a license or any imposition of a fine for violation of a rule or an order shall occur within thirty days after the date of the violation.* Any suspension of a license by such officials is valid even though the suspension extends beyond the period of the race meeting for which such officials have been appointed. The suspension shall be effective at all other race meetings under the jurisdiction of the commission. Any fine or suspension may be appealed to the commission.

---

1. The statute was amended effective September 27, 1994, by Am.Sub.H.B. No. 361, which deleted the language at issue in this matter.

Such appeal shall stay the fine or suspension until further action by the commission. The appeal must be heard by the commission within thirty days after the date of the appeal." (Emphasis added.)

Before the racing commission and the common pleas court, appellant argued that appellee was without authority to fine or suspend him for any infraction unless such action was taken "within thirty days after the date of violation." It is uncontested that the sanctions which were levied upon appellant were not imposed within thirty days of the day of the races for which appellant's horse tested positive for prohibited substances. Appellant argues that the stewards' actions should be overturned because they were untimely pursuant to the statute.

The common pleas court rejected appellant's argument. Noting that R.C. 3769.091 did not specifically state when a "violation" occurred, the court turned to the Ohio Administrative Code for guidance. It referred to Ohio Adm.Code 3769–18–01(B)(11), which states:

"A finding by the chemist that a foreign substance * * * is present in the test sample *shall be considered a positive test and a violation of this rule.* It shall furthermore be prima facie evidence that such foreign substance was administered and carried in the body of the horse while participating in a race. Such a finding shall also be taken as prima facie evidence that the trainer and his agents responsible for the care and custody of the horse have been negligent in the handling or care of the horse." (Emphasis added.)

Relying on this language, the court reasoned that it would be illogical to require the stewards to sanction a trainer, "before positive evidence existed." Therefore, the common pleas court concluded that the "violation" does not occur until the laboratory tests are completed; sanctions may then be lawfully imposed within thirty days of that time.

■ The enabling legislation concerning horse racing is found in R.C. Chapter 3769. R.C. 3769.02 establishes a state racing commission while R.C. 3769.03 imbues the commission with the authority to "prescribe the rules and conditions under which horse racing may be conducted * * * as authorized by sections 3769.01 to 3769.14 of the Revised Code." As an administrative agency, the state racing commission is a creature of statute and possesses only such rule-making power as is delegated to it. *Athens Home Tel. Co. v. Peck* (1953), 158 Ohio St. 557, 562, 49 O.O. 474, 476, 110 N.E.2d 571, 574. Rules promulgated in conflict with the statute cannot stand. *Id.*

R.C. 3769.091, in effect at the time this matter arose, specifically required that any fine or license suspension imposed for a rule violation must be issued within thirty days of the violation. While appellee argues that Ohio Adm.Code 3769–18–

01(B)(11) makes the chemist's finding of a positive test sample the act that creates a violation of the rule, such an interpretation is unsound.

The chemist's positive test must reasonably be viewed only as prima facie evidence of a violation; the violation occurs when a horse into which such a substance has been administered is raced. Were we to adopt the commission's interpretation of this regulation, we would then be forced to find, as apparently one of the common pleas courts has, that the regulation is unconstitutionally vague, *Milburn v. Ohio State Racing Comm.* (Mar. 22, 1995), Fulton C.P. No. 94CV000112, unreported, or that it is *ultra vires* to the rule-making authority granted to the commission by the legislature. See R.C. Chapter 3769. In either event, such an interpretation cannot stand.

Since a positive chemical test cannot itself be a violation, it is undisputed that the sanctions in this case were imposed more than thirty days after the violation. This, by the clear and unambiguous language of former R.C. 3769.091, may not be permitted. Accordingly, appellant's first and second assignments of error are found well taken. It is, therefore, unnecessary to address appellant's contentions in his third and fourth assignments, which are found moot.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

ABOOD, P.J., and MELVIN L. RESNICK, J., concur.