OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas affirming a decision of the Unemployment Compensation Review Commission that required *Page 2 
appellant, Karen Braselton, to repay a portion of her unemployment compensation benefits following an award of back pay against her employer. Braselton contends that the agency and the trial court incorrectly determined that she must repay benefits. In support, she argues that the back pay award she received under the Federal Back Pay Act does not constitute remuneration for purposes of the Ohio unemployment statutes.
 {¶ 2} We conclude, albeit for a different reason than that of the agency and the common pleas court, that Braselton must make repayment. Pursuant to the plain language of the federal statute, Braselton is deemed to have provided services for the period covered by the back pay award, and thus, she received "remuneration" as defined in R.C.4141.01(H)(1). Therefore, she is required to make repayment. Accordingly, the judgment of the common pleas court is Affirmed.
 I {¶ 3} Karen Braselton was employed by the Department of Veteran Affairs as a staff registered nurse at the Dayton VA Medical Center (hereinafter the VA). Her employment with the VA was terminated on October 14, 2002. Thereafter, Braselton filed a claim for unemployment benefits with the Ohio Department of Job and Family Services Office of Unemployment Compensation (hereinafter, the "ODJFS"). Braselton was awarded benefits beginning October 6, 2002, and continuing through July 19, 2003.
 {¶ 4} In the meantime, Braselton appealed her termination to the Federal Disciplinary Appeals Board. Subsequently, it was determined that she was improperly terminated. Braselton was reinstated to her position on October 17, 2003. She was *Page 3 
also awarded back pay in the amount of $55,265.21, under the Federal Back Pay Act, 5 U.S.C.A. § 5596.
 {¶ 5} Thereafter, the ODJFS issued a determination that the federal back-pay award constituted remuneration exceeding her weekly unemployment benefit. The ODJFS concluded that it had overpaid Braselton $308 during each week of her unemployment. Thus, it ordered Braselton to repay a total of $12,320.
 {¶ 6} Braselton appealed the repayment determination. The decision was upheld at all administrative levels. She then filed an administrative appeal with the Montgomery County Court of Common Pleas. The trial court rendered its judgment affirming the decision of the agency. The trial court apparently determined that Braselton's award under the Federal Back Pay Act was a retroactive pay award, as defined by OAC 4141-9-14(C), and that the back pay constituted remuneration. The trial court thus found that Braselton had received remuneration in excess of her weekly benefit, so that she had been overpaid benefits that she was required to repay. Braselton appeals from the judgment of the trial court.
 II {¶ 7} Braselton's First Assignment of Error states as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN HOLDING THAT REMUNERATION DOES NOT REQUIRE THE PERFORMANCE OF PERSONAL SERVICES, ENTITLING ODJFS TO RECOUP MS. BRASELTON'S UNEMPLOYMENT COMPENSATION BENEFITS." *Page 4 
 {¶ 9 Braselton contends that the trial court erroneously held that she was required to repay unemployment benefits. In support, she argues that the trial court erred by determining that her award of back pay constitutes remuneration. She argues that remuneration must necessarily be made in exchange for personal services, and that the back-pay award cannot be considered compensation for personal services, because she did not provide personal services during the period covered by the back-pay award.
 {¶ 10} The standard of review in unemployment-compensation appeals is well established. "[A] reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Servs. (1995), 73 Ohio St.3d 694, 697. However, when the facts of a case are undisputed, and the appeal involves the interpretation of a statutory provision, the question becomes one of a matter of law and our review is plenary. Fegatelli v. Ohio Bur. Of Emp. Serv. (2001), 146 Ohio App. 3d 275,277.
 {¶ 11} We now turn to the pertinent statutory provisions. R.C. 4141.29
provides that an individual may "receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment." "Benefits" are defined as "money payments payable to an individual who has established benefit rights, * * * for loss of remuneration due to the individual's unemployment." R.C. 4141.01(C). "An individual is `totally unemployed' in any week during which the individual performs no services and with respect to such week no remuneration is payable to the individual." R.C. 4141.01(M). "An individual is `partially unemployed' in any week if, due to involuntary loss of work, *Page 5 
the total remuneration payable to the individual for such week is less than the individual's weekly benefit amount." R.C. 4141.01(N).
 {¶ 12} R.C. 4141.31 provides that an applicant's benefits may be reduced "by the amount of remuneration or other payments a claimant receives * * * ." Further, if the ODJFS determines that an individual has been overpaid benefits, for reasons other than fraud, it may require repayment of any such overpayments. R.C. 4141.35(B).
 {¶ 13} "`Remuneration' is defined as all compensation for personal services * * *" R.C. 4141.01(H)(1), Geretz v. Ohio Dept. of Job FamilyServs., 114 Ohio St.3d 89, 91-92, 2007-Ohio-2941, ¶ 13. According to Ohio Administrative Code Section 4141-9-04(A), remuneration "includes, but is not limited to, payment on the basis of piecework, or a percentage of profits * * *." O.A.C 4141-9-04(B) provides, in pertinent part: "Remuneration may be . . . denominated by terms such as vacation pay or allowance, separation pay, holiday pay, paid absence allowance, downtime paid absence allowance, or short workweek pay."
 {¶ 14} All of the above statutory and code provisions "shall be liberally construed" in favor of the applicant for benefits. R.C.4141.46; Clark Cty. Bd. Of Mental Retardation Dev. Disabilities v.Griffin, Clark App. No. 2006-CA-32, 2007-Ohio-1674, ¶ 10.
 {¶ 15} In the case before us, the Department and trial court both concluded that the award of damages under the Federal Back Pay Act constituted remuneration. It appears that their decisions are based upon a finding that the back pay constituted a retroactive pay award, as defined by O.A.C. 4141-9-14(A).
 {¶ 16} While we agree with the decision of the trial court and agency that *Page 6 
Braselton must make repayment, our decision is based upon different reasoning. The plain language of the Federal Back Pay Act,5 U.S.C.A. § 5596, provides, in pertinent part, that any "employee of an agency who, on the basis of a timely appeal or an administrative determination * * * is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action * * * is entitled to [back pay and reasonable attorney fees]." 5 U.S.C.A. § 5596(b)(1)(A)(I) and (ii). But the statute also provides that "for all purposes, [the employee] is deemed to have performed service for the agency during that period except [for listed exceptions not applicable to this case]."5 U.S.C.A. § 5596(b)(1)(B). The purpose of this statute is to put an employee who has been the victim of an unjustified or unwarranted personnel action in the same position as she would have been had the erroneous action not occurred. Bush v. Lucas, 462 U.S. 367, 385-86.
 {¶ 17} The federal statute expressly provides that an employee who receives back pay under its provisions is deemed to have provided services for the period covered by the back-pay award. Furthermore, the statute provides that this service is deemed to have been performed "for all purposes." This provision works to the benefit of affected employees in that it provides protection from loss of any pay raises or promotions earned during the time the employee was not working. But it also has the consequence, as in this case, that under the plain language of the statute, Braselton is deemed, constructively, to have provided personal service for her employer during the time covered by the back pay award, and therefore is deemed to have received *Page 7 
remuneration that must be repaid pursuant to the terms of Ohio's Unemployment Compensation statute.
 {¶ 18} Braselton's First Assignment of Error is overruled.
 II {¶ 19} Braselton's Second Assignment of Error provides as follows:
 {¶ 20} "THE TRIAL COURT ERRED IN APPLYING THE RETROACTIVE PAY AWARD PROVISIONS OF OAC 4141-9-14 TO MS. BRASELTON'S BACK PAY AWARD."
 {¶ 21} Braselton contends that the judgment of the trial court affirming the order to repay her unemployment benefits is erroneous because the trial court incorrectly determined that her benefits constitute retroactive pay awards.
 {¶ 22} While we agree with Braselton that the trial court erred in determining that her benefits constitute retroactive pay awards, we conclude that any error in this regard is harmless in view of the application of the Federal Back Pay Act to the repayment of remuneration provision set forth in R.C. 4141.35(B), as discussed in Part II of this opinion. Accordingly, Braselton's Second Assignment of Error is overruled.
 IV {¶ 23} Braselton's Third Assignment of Error is as follows:
 {¶ 24} "THE TRIAL COURT'S DETERMINATION THAT ODJFS IS ENTITLED TO RECOUP UNEMPLOYMENT COMPENSATION BENEFITS FROM MS. *Page 8 
BRASELTON IS CONTRARY TO PUBLIC POLICY."
 {¶ 25} In this argument, Braselton claims that requiring her to repay unemployment benefits violates public policy. Specifically, she again contends that because the back-pay award does not constitute remuneration, she is entitled to the benefits and cannot be required to repay them.
 {¶ 26} For the reasons set forth in Part II of this opinion, we conclude that Braselton's award under the Federal Back Pay Act does, in fact, constitute remuneration. Therefore, Braselton's Third Assignment of Error is overruled.
 V {¶ 27} All of Braselton's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
John R. Folkerth, Jr.
Kenneth J. Heisele
Marc Dann
David E. Lefton
 Hon. Michael T. Hall *Page 1