OPINION
{¶ 1} Appellant Anthony R. Toms appeals from the judgment of the Clark County Common Pleas Court affirming the decision of the Ohio Unemployment Compensation Review Commission, disallowing his request for a review of the hearing *Page 2 
officer's decision finding that Toms did not work the requisite number of weeks and did not ear0sufficient wages to qualify for unemployment compensation benefits.
 {¶ 2} Toms sets forth four rambling assignments of error that are largely irrelevant and unintelligible and that fail to challenge any specific rulings or procedural matters below. Because we find the trial court's decision is neither contrary to law nor contrary to the manifest weight of the evidence, we affirm the judgment appealed from.
 {¶ 3} Toms was separated from employment with Wright State University and Springfield City Board of Education on or before June 9, 2004, due to lack of work. On September 12, 2004, he filed an application for unemployment benefits. This application was allowed, granting Toms a weekly benefit of $194. He was paid benefits pursuant to this determination from October 9, 2004 through April 2, 2005.
 {¶ 4} On September 11, 2005, Toms filed a new application for unemployment compensation benefits. On review, the Director of the Department of Jobs and Family Services determined that Toms had received deductible income for the period of July 25, 2004 through June 24, 2005 that exceeded his weekly benefit amount of $194. Toms had received a lump-sum retirement payment not allocated by his employer, which the Department allocated at a rate equal to his average weekly wage. The allocation period commenced at the time of his separation from employment and ended with the week of March 19, 2005. As a result, Toms was ordered to repay an overpayment of $5,044. His new application was then disallowed due to insufficient weeks or wages during either his base period or his alternate base period.
 {¶ 5} Toms appealed these determinations, and ultimately the Unemployment *Page 3 
Compensation Review Commission ordered him to repay a reduced amount of $4,656, less any amounts already repaid or offset, and affirmed the denial of benefits. Subsequent requests for review were denied.
 {¶ 6} Thereafter, Toms appealed the decision of the Review Commission to the Clark County Common Pleas Court. The decision affirming the Review Commission is the subject of this timely appeal, where Toms sets forth four assignments of error for our consideration:
 "First Assignment of Error {¶ 7} "The case exist (sic) that OAG-74-096, (sic) is considered a silent/conformity law, designed to obtain federal money and continue the secret oath against the 13, 14, 15 (sic) amendments. It should be noted that the State of Ohio has
only recently ratified its rescinded vote of 1868 on the14th Amendment of the U. S. Constitution.
 "Second Assignment of Error {¶ 8} "The appellees continue Sophists techniques to not answer my questions and subject appellant to subterfuge as the Cleveland office used my benefits and came up with a different number, with regard to the alleged overpayment.
 "Third Assignment of Error {¶ 9} "The fact that you have never corrected the administrative error dating back to 1990, represents conclusively that your behavior for the record is evidence of grandiose delusions of inflated sense of self-worth, power/knowledge. Accordingly, your use of Jim Crow tactics, and Sophists technique to subject Human Beings to your form of interpretation as evidenced throughout the history of your state. You have *Page 4 
made it necessary to make all of my data available to the Chief Judge in Nashville, Tennessee. I truly need to know if you were/are trying to infect me? (sic)
 "Fourth Assignment of Error {¶ 10} "Bottom line; you owe me money, PRO TANTO, and you owe my wife a written apology, for what you subjected her to during her life experiences in Ohio, especially when it comes to education for all, free from your racist and tyrannically (sic) government which implements it as an apples are oranges mentality because they both make fruit juice."
 {¶ 11} App. R. 16 provides that the appellant must state the assignments of error and issues presented for review with a reference to the place in the record where each such error or issue is reflected.
 {¶ 12} App. R. 12(A)(1)(b) directs this court to determine the merits of appeals "on the assignments of error set forth in the briefs required by Rule 16." App. R. 12(A)(2) further provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." The "Assignments of Error" should designate specific rulings that the appellant challenges on appeal. They may dispute the final judgment itself or other procedural events in the trial court. The "Statement of Issues" should express one or more legal grounds to contest the procedural actions challenged by the assigned errors. They may subdivide questions presented by individual assigned errors, or they may be substantially equivalent to the assigned errors. North Coast Cookies, Inc. v. SweetTemptations, Inc. (1984), *Page 5 16 Ohio App.3d 342, 476 N.E.2d 388
 {¶ 13} In this case, we could summarily affirm the trial court by rejecting the appeal for failure to set forth and argue any assigned error. The appellant's failure to affirmatively set forth any assigned errors as to specific rulings or procedural matters prevents us from considering them. However, in the interest of fairness, we will address the only issue available to this court in considering an appeal of this administrative action.
 {¶ 14} "The standard of review in unemployment-compensation appeals is well established. `[A] reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence.' Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Servs. (1995), 73 Ohio St.3d 694, 697. However, when the facts of a case are undisputed, and the appeal involves the interpretation of a statutory provision, the question becomes one of a matter of law and our review is plenary. Fegatelli v. Ohio Bur. Of Emp. Serv. (2001),146 Ohio App.3d 275, 277." Braselton v. Ohio Dept. Job Family Servs., Montgomery App. No. 21828, 2008-Ohio-751, at ¶ 10.
 {¶ 15} R.C. 4141.01(R)(1) provides that in order to qualify for unemployment compensation benefits, the claimant must have at least twenty weeks of qualifying employment in his base period. A claimant's base period is defined as the first four of the last five completed calendar quarters immediately preceding the first day of his benefit year. R.C. 4141(Q)(1). If a claimant does not have sufficient qualifying weeks in his base period, an alternate base period is used. The alternate base period is the first four most recently completed calendar quarters preceding the first day of his *Page 6 
benefit year. R.C. 4141.01(Q) (20
 {¶ 16} Here, the record establishes for the application filed September 11, 2005, that Toms' base period was April 1, 2004 through March 31, 2005, and his alternate base period was July 1, 2004 through June 30, 2005. The record further demonstrates that Toms had only ten qualifying weeks of employment during his base period and no qualifying weeks of employment during his alternate base period. Therefore, because Toms did not have the requisite twenty weeks of qualifying employment, his application for benefits was properly denied. Therefore, the decision of the trial court was neither contrary to the law nor against the manifest weight of the evidence.
 {¶ 17} Next we consider the Commission's order that Toms must repay benefits previously received due to his receipt of retirement benefits during his previous award of unemployment compensation. Benefits otherwise payable for any week are reduced by the amount of remuneration received by a claimant, including retirement benefits. R.C. 4141.31(A)(3); R.C. 4141.312. If there is no designation of the period for the payments made to an individual, then an amount equal to the claimant's normal weekly wage shall be applied to each week following separation until the payment is exhausted. R.C. 4141.31(A)(5).
 {¶ 18} The record demonstrates that Toms withdrew $13,543.48 from the State Teachers Retirement System of Ohio on July 28, 2004, and that his covered employment that was the basis for his award of benefits from his September 12, 2004 application was with Springfield City Board of Education and Wright State University, both of which paid into this retirement fund.
 {¶ 19} Because the allocation of Toms' retirement results in remuneration in *Page 7 
excess of his allowable benefit for the weeks ending October 9, 2004 through March 19, 2005, he was not entitled to benefits that he received for those weeks. Therefore, the trial court's decision that Toms received an overpayment of $4,656 that must be repaid to the Department of Jobs and Family Services is neither contrary to the law nor against the manifest weight of the evidence.
 {¶ 20} Therefore, we overrule all the assignments of error, and we affirm the judgment of the trial court.
BROGAN, J. and FAIN, J., concur
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1