[Cite as *RLB, Inc. v. Byrd*, 2016-Ohio-1181.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RLB INC., d.b.a. BLUE ASH EDUCATIONAL BUILDING, | : | APPEAL NO. C-150529 TRIAL NO. A-1101393 |
| | : | |
| Plaintiff-Appellee, | | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| JHARELL M. BYRD | | |
| | : | |
| and | | |
| | : | |
| DIRECTOR, OHIO DEPT. OF JOB AND FAMILY SERVICES, | | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed

Date of Judgment Entry on Appeal: March 23, 2016

*R.L. Kent Bucciere*, for Plaintiff-Appellee,

*Michael DeWine*, Ohio Attorney General, and *Robin A. Jarvis*, Assistant Attorney General, for Defendant-Appellant Ohio Department of Job and Family Services.

Please note: this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}     This is an appeal from a trial court's judgment reversing a decision of the Unemployment Compensation Review Commission.  The commission had found that an employee was not fired for just cause and was therefore entitled to collect unemployment benefits.  That decision was reversed by the Hamilton County Court of Common Pleas.  The question before us is whether the commission's determination was against the manifest weight of the evidence.  We conclude that it was not.  Therefore, we reverse the judgment of the trial court and reinstate the commission's decision.

## I.  Background

{¶2}     From September 2009 through June 2010, Jharell Byrd was a teacher's aide at a preschool operated by RLB, Inc.   On June 29, 2010, RLB fired her for failing to perform her required duties—specifically, failing to clean her assigned room.

{¶3}     Ms. Byrd filed a claim for unemployment compensation, which was initially allowed and then, following an appeal by RLB, disallowed by the Ohio Department of Job and Family Services ("ODJFS").  From there, Ms. Byrd appealed to the Ohio Unemployment Compensation Review Commission ("the commission").

{¶4}     A hearing was held before a commission hearing officer.  Ms. Byrd acknowledged that cleaning her room—including sweeping and mopping the floor—was part of her duties at the preschool.  Until June 16, she had never been criticized for the way she cleaned.  On that day, she received a written warning on which she acknowledged that she had not swept the "Woodpecker steps" and that failing to do so was cause for termination.  Ms. Byrd explained during the hearing that the "Woodpecker steps" referred to in the warning were not on her cleaning checklist before June 16, but

were added after the reprimand. According to Byrd, she did the cleaning that was required by RLB and was told by other employees that her room looked clean enough.

{¶5} RLB did not attend the hearing, but did submit the affidavits of Mary Lynne Shulok, the assistant director of the preschool, and Katy Haverland, who was Byrd's direct supervisor. According to Haverland's affidavit, "[o]n numerous occasions [she] had witnessed the fact that [Byrd] had not performed her job duties. Specifically, [Byrd] failed to clean the room prior to closing the room in the evening." Ms. Haverland claimed she had discussed the matter with Byrd on two occasions. For her part, Ms. Shulok stated that she had been told by Haverland that Byrd hadn't cleaned, that she had given Byrd verbal and written warnings, and that, despite the warnings, Byrd "continued to refuse to perform her required job duties." RLB also submitted the written warnings—the June 16 warning and one from June 29—in which Byrd acknowledged not completing her cleaning duties.

{¶6} Following the hearing, the hearing officer issued a decision reversing ODJFS's determination and allowing Byrd's claim. The hearing officer reasoned that Byrd "had testified credibly that she always completed every item on her cleaning checklist before leaving the classroom at the end of the day." He also found that RLB's allegations about Byrd neglecting her duties were unsupported. Thus, the hearing officer concluded that Byrd had been terminated without just cause.

{¶7} When the commission denied RLB's appeal of the hearing officer's decision, RLB filed an appeal in the common pleas court. After reviewing the file, the magistrate reversed the commission's decision, finding "that the manifest weight of the evidence clearly demonstrates that [Byrd] failed on numerous occasions to complete the daily closeout checklist" and that Byrd was terminated for cause for failing to perform

her required job duties.  The trial court overruled ODJFS's objections and adopted the magistrate's decision.

## II. The Commission's Decision Wasn't Against the Weight of the Evidence

{¶8}    In its sole assignment of error, ODJFS asserts that the trial court erred when it concluded that the commission's decision that Byrd was terminated without just cause was against the manifest weight of the evidence.[1]

{¶9}    The unemployment compensation system provides benefits to workers who are involuntarily unemployed.  *See* R.C. Chapter 4141.  But a worker is not eligible for benefits if the "individual quit work without just cause or has been discharged for just cause in connection with the individual's work."  R.C. 4141.29(D)(2)(a).  An employer has just cause to terminate an employee where (1) the employee doesn't perform required work, (2) the employer's expectations were made known at the time of hiring, and (3) the expectations were reasonable and (4) did not change substantially since the time of hiring.  *Tzangas, Plakas & Mannos v. Ohio Bur. Emp. Servs.*, 73 Ohio St.3d 694, 643 N.E.2d 1207 (1995), paragraph four of the syllabus.  In this case, there is no question that Byrd knew about RLB's expectations with respect to cleaning and that those expectations were reasonable.  The issue is whether Byrd performed as required.  The hearing officer found that she did, and the commission upheld that determination.  The trial court, however, concluded that the finding was against the manifest weight of the evidence.

{¶10}    "We may reverse the commission's decision of 'just cause' only if we conclude that the decision was 'unlawful, unreasonable, or against the manifest weight of the evidence.' " *Mason v. Admr., Ohio Bur. of Emp. Servs.*, 1st Dist. Hamilton No. C-

---

[1] ODJFS's assignment states that the court found the commission's decision to be unlawful, unreasonable and against the manifest weight of the evidence, but it is clear from the magistrate's decision and from ODJFS's brief that the sole basis of the decision was the weight of the evidence.

990573, 2000 Ohio App. LEXIS 1524 (Apr. 7, 2000), quoting *Tzangas* at paragraph one of the syllabus. We are "not permitted to make factual findings or to determine the credibility of witnesses," but we must "determine whether the [commission's] decision is supported by the evidence in the record." *Tzangas* at 696. Our review is not affected by the trial court's conclusions; both the appellate court and the common pleas court use the same standard of review. *Id. See Lutz v. Admr., Ohio Bur. Emp. Servs.*, 1st Dist. Hamilton Nos. C-990162 and C-990228, 1999 Ohio App. LEXIS 5366 (Nov. 12, 1999).

{¶11} Here, the hearing officer did not clearly lose his way and create a manifest miscarriage of justice. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 333, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-21; *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Ms. Byrd testified that she had followed the cleaning checklist, including sweeping and mopping floors, at the end of every day and had never refused to clean. RLB argues that Byrd admitted to not performing her required work when she signed the written warnings. But the hearing officer, when confronted with a conflict between the testimony provided by Byrd and the affidavits and warnings submitted by RLB, chose to believe Byrd's testimony that she had done all that was required of her. It is quite possible that another hearing officer may have seen it differently, but "the fact that reasonable minds might reach different conclusions is not basis for the reversal of the [hearing officer's] decision." *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). We conclude that the decision was not against the manifest weight of the evidence, nor was it unlawful or unreasonable. The trial court erred in reversing the decision. The assignment of error is sustained.

{¶12} We therefore reverse the judgment of the trial court and reinstate the commission's decision.

Judgment accordingly.

**HENDON, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

      The court has recorded its own entry on the date of the release of this opinion.

