[Cite as *Marcus v. Dir., Ohio Job & Family Servs.*, 2016-Ohio-4612.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DIANE MARCUS, | : | APPEAL NO. C-150695 |
| | | TRIAL NO. A-1209900 |
| Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DIRECTOR, OHIO JOB AND FAMILY | : | |
| SERVICES, | | |
| | | |
| Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 29, 2016



*Legal Aid Society of Greater Cincinnati, Regina Campbell* and *Katherine A. Holley*, for Appellant,

*Michael DeWine*, Ohio Attorney General, and *Robin A. Jarvis*, Senior Assistant Attorney General, for Appellee.

**FISCHER, Presiding Judge.**

{¶1} Appellant Diane Marcus appeals a decision of the Hamilton County Court of Common Pleas, which had affirmed a decision of the Unemployment Compensation Review Commission ("the commission") terminating her unemployment compensation benefits and charging her with an overpayment of benefits. We find merit in her sole assignment of error, and we reverse the trial court's judgment.

{¶2} The record shows that Marcus was employed by Hamilton County until she was laid off on March 31, 2010. After that time, she performed no additional services for the county. On April 7, 2010, Marcus received payment from the county for accrued but unused vacation and sick time. In August 2011, after she was laid off from a subsequent job, she applied for and began receiving unemployment benefits of $306 per week.

{¶3} While she was receiving unemployment benefits, Marcus also received a pension of $659 per month from the Ohio Public Employees Retirement System. In August 2012, the Ohio Department of Job and Family Services ("ODJFS") determined that her unemployment benefits should be reduced by the amount of her pension. ODJFS retroactively applied its decision to April 2011, the date of her initial application for unemployment benefits, and determined that she was overpaid for 28 weeks of benefits. Therefore, it terminated her ongoing benefits and assessed an overpayment of $4,482.

{¶4} Marcus filed an appeal with the Ohio Unemployment Compensation Review Commission, which affirmed ODJFS's decision. She then appealed the commission's decision to the Hamilton County Court of Common Pleas.

{¶5}   A magistrate found that the commission's decision was "unlawful, unreasonable, and against the manifest weight of the evidence."  The magistrate recommended that the commission's decision be reversed and the cause remanded to ODJFS to recalculate Marcus's unemployment benefits "from her application date of August 1, 2011 to present without the inclusion of her pension."

{¶6}   ODJFS filed objections to the magistrate's decision.  The common pleas court sustained the objections and rejected the magistrate's decision.  The court stated that "because the Claimant received a payment of $10,454.54 during her base period from her base employer, her unemployment benefits should be offset by her monthly pension." This appeal followed.

{¶7}   In her sole assignment of error, Marcus contends that the common pleas court erred in sustaining ODJFS's objections to the magistrate's report and reinstating the decision of the commission.  She argues that the trial court's determination that her unemployment benefits should have been reduced by the amount of her pension is unlawful and unreasonable because it is contrary to the plain language of R.C. 4141.312.  This assignment of error is well taken.

{¶8}   When reviewing a decision of the commission, both a court of common pleas and an appellate court apply the same standard of review.  A court may only reverse the commission's decision if it finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence.  R.C. 4141.282(H); *Williams v. Ohio Dept. of Job and Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20.  A reviewing court may not make factual findings or determine the credibility of the witnesses.  *Id.*; *RLB, Inc. v. Byrd*, 1st Dist. Hamilton No. C-150529, 2016-Ohio-1181, ¶ 10.  But when the facts of a case are undisputed, and the appeal involves interpretation of a statutory provision, the question becomes

3

a matter of law, and appellate review is plenary. *Toms v. Ohio Unemp. Comp. Review Comm.*, 2d Dist. Clark No. 2007 CA 80, 2008-Ohio-4398, ¶ 14; *Fegatelli v. Admr., Ohio Bur. of Emp. Servs.*, 146 Ohio App.3d 275, 277, 765 N.E.2d 961 (8th Dist.2001).

{¶9} When determining eligibility for unemployment compensation benefits and the amount of weekly benefits an applicant will receive, ODJFS considers the applicant's "base period" of unemployment, and his or her "benefit year." A benefit year is the "fifty-two week period beginning with the first day of that week with respect to which the individual first files a valid application for determination of benefit rights * * * ." R.C. 4141.01(R)(1). The base period is the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year. R.C. 4141.01(Q)(1). ODJFS reviews all remuneration received during the base period to determine the amount of the applicant's weekly benefits. *See* R.C. 4141.30. "Remuneration" means "all compensation for personal services, including commissions and bonuses and the cash value of all compensation in any medium other than cash * * * ." R.C. 4141.01(H).

{¶10} R.C. 4141.31(A)(3) provides that "[b]enefits otherwise payable for any week shall be reduced by the amount of remuneration or other payments a claimant receives with respect to such week as follows: * * * [p]ayments in the form of retirement, or pension allowances as provided under" R.C. 4141.312. R.C. 4141.312(A) provides:

> * * * the amount of benefits payable to a claimant for any week with respect to which the claimant is receiving a governmental or other pension, retirement or retired pay, annuity or any other similar periodic

4

payment which is based on the previous work of the individual, shall be reduced by an amount equal to the amount of the pension, retirement or retired pay, annuity or other payment which is reasonably attributable to that week, except that the requirements for this division shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment *only if both of the following apply*:

(1) The payment is under a plan maintained or contributed to by a base period employer or chargeable employer.

(2) * * * services performed for such employer by the individual after the beginning of the base period, or remuneration for such services, affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment.

(Emphasis added.)

{¶11} In this case, there are no factual disputes. The only issue is the interpretation of this statute. The interpretation of a statute is an issue of law that we review de novo. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10; *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, 998 N.E.2d 517, ¶ 20 (1st Dist.). In interpreting a statute, we must look to the language of the statute itself. *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 16; *Hulsmeyer* at ¶ 20.

{¶12} Where the language of a statute is plain and unambiguous, we must apply the statute as written. *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 23 413 (1944), paragraph five of the syllabus; *Dikon v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949, ¶ 18 (1st Dist.). Words used in the statute must be read in context and accorded their usual and customary meaning. *Hulsmeyer* at ¶ 20. Courts have a duty to give

effect to all of the words used in the statute, not to delete words used or to insert words not used. *State Emp. Relations Bd. v. Perkins*, 144 Ohio App.3d 460, 466, 760 N.E.2d 850 (1st Dist.2001).

{¶13} Marcus's benefit year began on August 7, 2011. Her base period for calculating the amount of benefits was April 1, 2010, to March 31, 2011. Hamilton County was a base-period employer. Marcus argues that she did not work for the Hamilton County Auditor during her base period. The last day that she performed services was March 31, 2010, and she did not receive the pension payment until the second quarter of 2011. The commission held that the pension payments had been remuneration paid during the base period, even though she had not worked for the employer with whom she earned the pension during her base period. Marcus contends that the plain language of R.C. 4141.312(A)(2) shows that the remuneration must be for services performed during the base period. We agree.

{¶14} Under the plain language of the statute, the amount of benefits a claimant receives shall be reduced by the amount of the pension only if both requirements of the statute are met. Marcus's monthly pension met the first requirement because Hamilton County, a base-period employer, had contributed to the pension.

{¶15} But the second requirement of the statute was not met. R.C. 4141.312(A)(2) unambiguously provides that the benefits shall be reduced by the amount of a pension only if services performed by the claimant for a base-period employer after the beginning of the base period or "remuneration for such services" affect eligibility for or increased the amount of the pension. The phrase "such services" clearly refers to the services performed during the base period as used earlier in the sentence.

6

{¶16} The statute does not state that any payment by a base-period employer would meet this requirement, and we may not rewrite the statute to so provide. Because Marcus had not performed any services for Hamilton County during her base period and had not received any remuneration for services provided during her base period that affected her eligibility for or increased the amount of her pension, the requirements of R.C. 4141.312(A) were not met. *See Marinich v. Lumpkin*, 12th Dist. Warren No. CA2011-11-124, 2012-Ohio-4526, ¶ 33.

{¶17} Consequently, we sustain Marcus's assignment of error. We hold that the commission's decision reducing Marcus's unemployment benefits by the amount of her pension was unlawful, unreasonable, and against the manifest weight of the evidence. We reverse the common pleas court's judgment affirming the commission's decision, and remand the matter to the commission to recalculate Marcus's unemployment benefits from the date of her application to the present, without including her pension. ODJFS shall eliminate all overpayments on her account that have been charged due to the erroneous inclusion of her pension and shall issue her any benefits that were withheld to repay the alleged overpayment or were denied because including her pension made her ineligible to receive benefits.

Judgment reversed and cause remanded.

**CUNNINGHAM** and **STAUTBERG, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.